IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAHER CONRAD SUAREZ,

    Petitioner,

v.

JEFFREY BEARD,

    Respondent.

No. C 15-03489 EJD (PR)

ORDER OF DISMISSAL

    Petitioner, a California inmate, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary hearing. For the reasons discussed below, the instant petition will be dismissed.

## DISCUSSION

    Petitioner states that he is not challenging his conviction or sentence, "but rather prison disciplinary action taken against [him]." (Pet. at 2.) Specifically, Petitioner claims that some evidence does not support the guilty finding for willfully delaying a peace officer in the performance of duty, i.e., by participation in a mass disturbance (hunger strike). Petitioner asserts these due process claims under Superintendent v. Hill, 472 U.S. 445 (1985) (minimum requirements of procedural

Order of Dismissal
P:\PRO-SE\HRL\HC.15\03489Suarez_dism(hc-cr).wpd

due process requires the findings of the prison disciplinary board be supported by some evidence in the record), and Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (establishing five procedural requirements to satisfy due process). Petitioner also claims that the guilty finding violates his rights under the First Amendment. (Id. at 3.) According to the notes from the disciplinary hearing, no forfeiture was assessed as time constraints were exceeded. (Id., Ex. C at 2.) Accordingly, it does not appear that the guilty finding affects the duration of Petitioner's sentence, nor does Petitioner specifically assert such a claim.

It is well established in this circuit that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). The preferred practice in the Ninth Circuit also has been that challenges to conditions of confinement should be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891–92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint). Here, Petitioner's claim that prison officials violated his due process rights and First Amendment rights, if successful, would not necessarily shorten his sentence. Accordingly, the petition goes entirely to the conditions of his confinement, and success in this action would not necessarily affect the duration of his confinement.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the Court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in

the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief.

Additionally, there is doubt whether the prisoner is willing to pay the $350.00 civil action filing fee to pursue his claims. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

## CONCLUSION

For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED without prejudice to Petitioner filing a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form, after he has exhausted California's prison administrative remedies. See 42 U.S.C. § 1997e(a).

The Clerk is instructed to include two copies of the prisoner civil rights complaint form to Petitioner with a copy of this order.

IT IS SO ORDERED.

DATED: 3/11/16

HOWARD R. LLOYD
United States Magistrate Judge

Order of Dismissal
P:\PRO-SE\HRL\HC.15\03489Suarez_dism(hc-cr).wpd

3